IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FRANK GILLIS, | : | |
| | : | |
| Plaintiff, | : | Case No. 5:22-CV-00177-TES-CHW |
| | : | |
| v. | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| LT. SAIDANA, *et al.*, | : | Before the U. S. Magistrate Judge |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).   *Pro se* Plaintiff Frank Gillis, an inmate at the Macon State Prison in Oglethorpe, Georgia filed a 42 U.S.C. § 1983 complaint.   ECF No. 1.   He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion to appoint an attorney (ECF No. 3).   Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** and his motion for the appointment of an attorney (ECF No. 3) is **DENIED** as explained below.   This complaint is ripe for preliminary review.   Upon preliminary review, Plaintiff may proceed with his Eighth Amendment claim against Defendant Saidana and Defendant Whitehead for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's remaining claims against Defendants Smith, Jeffries, Nicholson, and Evans be **DISMISSED** without prejudice.

1

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed.   It is **ORDERED** that the warden of the institution wherein Plaintiff is

2

incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

      II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR THE APPOINTMENT OF AN ATTORNEY

Plaintiff has moved this Court to appoint him an attorney.   ECF No. 3.   As this is Plaintiff's first request for counsel in this action, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right."   *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Id*.   In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth factual allegations.   *See generally* ECF No. 1.   The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case.   *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993).   Plaintiff has demonstrated his ability to present his claims to the Court for review.   As such, Plaintiff's motions for appointment of counsel are **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The

Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

Plaintiff is incarcerated at Macon State Prison.   ECF No. 1 at 6.   On August 20,

2021, Plaintiff was taken to a medical unit to receive treatment following a confrontation with another inmate. *Id.* at 7. The next day, Plaintiff was taken to a Tier I cell within the lockdown unit. *Id.* at 6 and 7. Plaintiff states that while he was seated in the cell, Defendant Whitehead pointed a taser at him and told him not to move. *Id.* He further states that "Saidana struck [him] twice with a closed fist on the left side of [his] face while Lt. Whitehead held the taser pointed at [him]". *Id.* at 6. Plaintiff claims that "as a result of the assault", he "was found unconscious in room 143" and "had to be rushed to the Medical Center…in Sumter County". *Id.* He states that "Sgt. Nicholson failed to inform staff that I reported to her I experienced a headache which resulted in a medical emergency". *Id.*

Plaintiff complains that the use of force by Defendants Saidana and Whitehead "was not documented and it became apparent to Warden Smith (Grievance) 332176". *Id.* at 5. Plaintiff states that he wrote a grievance about the incident, which Warden Smith ultimately "reported" on November 8, 2021. *Id.* at 6. He further avers that a criminal investigation was initiated. *Id.* at 4-5. However, Plaintiff also complains that "Smith did not allow [Plaintiff] to file the original report & instructed Curtis Jefferies not to accept any grievances related to the incident" and that "Warden Smith failed to address this situation or create a corrective remedy, Mr. Smith advised Curtis Jefferies to not file any grievances related to the incident". *Id.* at 6-7. Plaintiff requests damages from Defendants Lt. Saidana, Lt. Whitehead, Warden Tamarshe Smith, Counselor Curtis Jefferies, Sgt. Nicholson, and Cert Officer Evans. *Id.* at 8-9.

7

III.   <u>Plaintiff's Claims and Analysis</u>

    A.   *Excessive force claim against Defendant Saidana*

Plaintiff claims that "Lt. Saidana struck [Plaintiff] with a closed fist twice and violated [Plaintiff's] 8th amendment cruel and unusual punishment/ excessive force".   ECF No. 1 at 7.   Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard.   *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986).   Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both.   *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).   To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm.   *Id*. at 6.   To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."   *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).   When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident."   *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the

prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'"   *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that Defendant Saidana assaulted him while Plaintiff was seated with Defendant Whitehead pointing a taser at him.   ECF No. 1 at 6-7.   Plaintiff's Eighth Amendment claim against Defendant Saidana for use of excessive force can proceed for further factual development.

### B.   *Failure to Intervene Claim against Defendant Whitehead*

Plaintiff asserts a claim of failure to intervene against Defendant Whitehead, alleging that "Lt. Whitehead acted with deliberate indifference by participating in the assault and battery by placing [Plaintiff] under threat of receiving serious harm by not stopping Lt. Saidana from striking [Plaintiff] twice".   ECF No. 1 at 7.

"It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983."   *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441 (11th Cir. 1985). Rather, the Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099–1100 (11th Cir. 2014).   Under this standard, "an officer can be liable for failing to intervene when another officer uses excessive force."   *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000) (citing *Ensley v. Soper*, 142 F.3d 1402, 1407–08 (11th Cir. 1998)); *Sebastian v. Ortiz*, 918

F.3d 1301, 1312 (11th Cir. 2019) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." (quoting *Ensley*, 142 F.3d at 1407)); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *see also Bailey v. City of Miami Beach*, 476 F. App'x 193, 196–97 (11th Cir. 2012) (no qualified immunity for officer who watched for two or three minutes while two of his fellow officers "attacked" plaintiff). However, "[t]o be held liable, the officer must both be 'in a position to intervene' and 'fail[ ] to do so' [and] there also must be an underlying constitutional violation." *Sebastian*, 918 F.3d at 1312 (quoting *Priester*, 208 F.3d at 924).

Because the allegations in Plaintiff's complaint can be construed to indicate that Defendant Whitehead was in a position to intervene and failed to do so, or even that Defendant Whitehead assisted in the use of force, Plaintiff's Eighth Amendment claim against Defendant Whitehead for failing to intervene while Plaintiff was repeatedly struck by Defendant Saidana can proceed for further factual development.

C.   *Deliberate indifference to a serious medical need claim against Defendant Nicholson*

Plaintiff raises a claim against Defendant Nicholson that can be liberally construed as a claim of deliberate indifference to a serious medical need. ECF No. 1 at 6 and 7. "It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle*

*v. Gamble*, 429 U.S. 97, 104 (1976)).   "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105).   To state a claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'"   *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)).   The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need."   *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. West*, 511 U.S. 825, 834 (1994) and *McElligott*, 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 2003)).

"[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"   *Id.* at 1243 (quoting *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)).   "In either of these situations, the medical need must be 'one that, if left unattended, "pos[es] a substantial risk of serious harm."'"   *Id*. (alteration in original) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)).   To establish deliberate indifference, a plaintiff must show that "(1) the officer was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the officer actually drew that inference, (3) the officer disregarded

the risk of serious harm, and (4) the officer's conduct amounted to more than gross negligence." *Valderrama*, 780 F.3d at 1116 (citing *Bozeman,* 422 F.3d at 1272).

As to the objective inquiry, the complaint does not clearly allege facts to show that Plaintiff had a recognizable serious medical need at the time of his interaction with Defendant Nicholson.    Plaintiff states he "reported to [Defendant Nicholson] [he] experienced a headache".   ECF No. 1 at 6 and 7.   There are no allegations that Defendant Nicholson was aware of any other physical ailment experienced by the Plaintiff other than a headache.[2]   As previously stated, "a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"   *Farrow,* 320 F.3d at 1243 (quoting *Hill*, 40 F.3d at 1187).   Such a headache would not constitute a serious medical need under this standard.

Out of an abundance of caution, the Court will also move into the subjective inquiry. Plaintiff alleges that Defendant Nicholson "failed to report to inform staff that I reported to her I experienced a headache" and that Defendant Evans "reported to [Nicholson] such attention was needed".   ECF No. 1 at 7.   Nowhere within the complaint does Plaintiff establish (1) that Defendant Nicholson was aware of facts from which the inference could be drawn that a substantial risk of serious harm (such as blacking out) existed, (2) that

---

[2] Plaintiff further alleges that at some later point he lost consciousness and was later transported to a hospital, but does not allege facts to show that Defendant Nicholson was ever aware of this loss of consciousness or that she failed to get medical treatment for the loss of consciousness.

Nicholson actually drew that inference, (3) that Nicholson disregarded the risk of serious harm, and (4) Nicholson's conduct amounted to more than gross negligence.   *See Valderrama*, 780 F.3d at 1116 (citing *Bozeman,* 422 F.3d at 1272).   Thus, Plaintiff fails to satisfy the subjective prong of a deliberate indifference to a serious medical need claim.

For all the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Nicholson be **DISMISSED without prejudice.**

D.   *Unspecified "deliberate indifference" claim against Defendant Smith*

Plaintiff's only stated claim as to Defendant Smith is for "deliberate indifference". ECF No. 1 at 7.   In support of this generic "deliberate indifference" claim against Defendant Smith, Plaintiff alleges that "Smith did not allow [Plaintiff] to file the original report & instructed Curtis Jefferies not to accept any grievances related to the incident" and that "Warden Smith failed to address this situation or create a corrective remedy, Mr. Smith advised Curtis Jefferies to not file any grievances related to the incident".[3]  *Id*. at 6-7.   Based on Plaintiff's ambiguous claim of deliberate indifference and his otherwise vague allegations in support thereof, the Court is uncertain what kind of claim or constitutional violation Plaintiff is raising against Defendant Smith.

42 U.S.C. § 1983 is not itself a source of substantive rights, but is a vehicle for the

---

[3] Plaintiff also states that Defendant Smith was made aware of the incident involving Defendants Saidana and Whitehead through the grievance process and that a criminal investigation was initiated in November 2021 (*Id*. at 4-5), contradicting his own claim that no grievance was allowed or investigation initiated.

enforcement of rights that are conferred elsewhere. *See, e.g., Albright v. Oliver*, 510 U.S. 266, 271 (1994).   Accordingly, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed."   *Id.*; s*ee also Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013) (alteration adopted) (quoting *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997) ) ("A successful section 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law"); *Grigsby v. Thomas*, 506 F.Supp.2d 26, 28 (D .D.C.2007) ("Even though a pro se complaint should be construed liberally, a pro se complaint still must state a claim upon which the Court can grant relief").   "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 Fed.Appx. 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   The purpose of this rule is "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"   *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).   "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th

Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *see also Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Iqbal*, 556 U.S. at 663. A complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.

Plaintiff has made vague and often contradictory assertions regarding Defendant Smith that Plaintiff formulaically labels as "deliberate indifference," without establishing an infringement upon a constitutional right. Plaintiff's repeated claims of "deliberate indifference," without any context, do not state a constitutional violation. Therefore, Plaintiff's claims against Defendant Smith are subject to dismissal. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations…").

If the basis of Plaintiff's complaint against Defendant Smith is based solely in Smith's supervisory role as the Warden of Macon State Prison, then Plaintiff's claim is still subject to dismissal for failure to state a claim. Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); s*ee also Asad v.*

*Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005).   A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position.   *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003).   Plaintiff's complaint presents no allegations that Defendant Smith participated in the purported assault of the Plaintiff nor that he directed anyone to assault Plaintiff or knew anyone would do so.

Lastly, if the basis for Plaintiff's complaint against Defendant Smith is related to the handling of Plaintiff's grievances, then Plaintiff has still failed to state a claim.   A prisoner has no constitutional right to participate in grievance procedures.   *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham*, 654 F.3d at 1171 (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir.2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory").   A supervisor is not "personally involved" in a constitutional violation merely because he fails to respond to complaints from a prisoner. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory

officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

Because the complaint contains no factual allegations to establish a causal connection between Defendant Smith and any violation of Plaintiff's constitutional rights, it is **RECOMMENDED** that any and all claims as to Defendant Smith be **DISMISSED** without prejudice.

> E.  *Unspecified claims against Defendant Cert Officer Evans and Counselor Jefferies*

It is unclear why Plaintiff has named Evans and Jefferies as Defendants in this action.   Plaintiff's only allegation regarding Defendant Evans is that Evans reported to Defendant Nicholson that Plaintiff may need to be medically evaluated.   ECF No. 1 at 7.   Plaintiff's only allegation about Defendant Jefferies is that Defendant Smith "instructed Curtis Jefferies not to accept any grievances related to the incident".   *Id*. at 6 and 7.   Neither allegation establishes a constitutional violation.

A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.   *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.

17

1986). Accordingly, it is **RECOMMENDED** that Plaintiff's potential claims as to Defendants Evans and Jefferies be **DISMISSED** without prejudice.

IV.   <u>Conclusion</u>

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendants Saidana and Whitehead for further factual development.    It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Tamarshe Smith, Curtis Jefferies, Sgt. Nicholson, and Cert Officer Evans be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection should be no longer than **TWENTY (20) PAGES** in length.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Saidana and Whitehead, it is accordingly **ORDERED** that service be

made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS,
### PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions,

pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective

order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 12th day of July, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge